UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMES PAUL PITTMAN,

    Defendant.

Case No. CR08-409RSL

ORDER DENYING MOTION
TO MODIFY CONDITIONS
OF SUPERVISED RELEASE

This matter comes before the Court on Defendant's "Motion to Modify Conditions of Supervised Release" (Dkt. # 153). Defendant asks the Court to modify the terms of his supervised release to reduce the amount of the restitution payments he is required to make each month and to preclude United States Probation from requiring him to pay a portion of his personal traveling expenses[1] toward his outstanding restitution obligation. He also asks the Court to direct United States Probation to correct his criminal record. The Court DENIES the motion.

First, Defendant's contention that United States Probation is acting in a manner inconsistent with this Court's Order of Judgment by requiring Defendant to make payment equal to 10% of his gross monthly <u>household income</u>, Dkt. # 153, is frivolous. When it imposed judgment, the Court ordered Defendant to immediately pay restitution in the amount of $77,918.33. Dkt. # 144 at 4. It further provided that "any unpaid

---

[1] Defendant claims that he is being required to pay for both his business and personal travel. His own attachments refute that assertion, however. Dkt. # 152-7 at 1.

ORDER DENYING MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE - 1

amount is to be paid during the period of supervision in monthly installments of <u>not less than 10% of his or her gross monthly household income</u>." <u>Id.</u> (emphasis added).

Second, this calculation method does not, as Defendant contends, require other members of his household to "pay on [his] restitution." Dkt. # 152-2 at ¶ 3. Neither does it "impos[e] a sentence [on] any other party" or amount to "harassment," "coercion," or "extortion." <u>Id.</u> at ¶¶ 3, 4, 15, 17. The ultimate payment obligation remains solely on the Defendant. No one else is under any obligation to pay anything toward the amount that Defendant owes.

Third, the Court finds United States Probation's policy of requiring additional payments "equal to the cost of [Defendant's] travel" to be wholly appropriate. Again, the Court ordered Defendant to pay $77,918.33 in restitution. Dkt. # 144 at 4. Because he could not immediately pay that amount, the Court ordered him to pay no less than 10% of his monthly household income each month toward that outstanding debt. <u>Id.</u> To be clear though, this payment schedule represents the "<u>minimum amount</u> that the defendant is expected to pay." <u>Id.</u> at 6. As the Court ordered, "defendant shall pay more . . . whenever possible." <u>Id.</u> And the fact that Defendant has sufficient income to travel demonstrates that "more" is in fact possible.

Finally, the Court finds that United States Probation has not failed to correct Defendant's record as he contends. The proper procedure for correcting an allegedly incorrect record is set forth at 28 C.F.R. § 16.34. For Defendant's benefit, it provides:

> If, after reviewing his/her identification record, the subject thereof believes that it is incorrect or incomplete in any respect and wishes changes, corrections or updating of the alleged deficiency, he/she should make application directly to the agency which contributed the questioned information. <u>The subject of a record may also direct his/her challenge as to the accuracy or completeness of any entry on his/her record to the FBI, Criminal Justice Information Services (CJIS) Division, ATTN: SCU, Mod. D–2, 1000 Custer Hollow Road, Clarksburg, WV 26306. The FBI will then forward the challenge to the agency which submitted the data requesting that agency to verify</u>

<blockquote>or correct the challenged entry. Upon the receipt of an official communication directly from the agency which contributed the original information, the FBI CJIS Division will make any changes necessary in accordance with the information supplied by that agency.</blockquote>

§ 16.34 (emphasis added). Defendant may seek this Court's intervention only once he has availed himself of this process.

For all of the foregoing reasons, Defendant's motion is DENIED.

DATED this 29th day of May, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE - 3